In the Matter of the Estate of WILHELM NEWIROWSKI, Deceased.

Surrogate's Court, New York County, April 16, 1928.

**Executors and administrators — accounting — objection to payment of claim made by administrator to himself — evidence sustains administrator's contention that he loaned money to intestate who executed and delivered promissory notes forming basis of claim.**

The administrator paid to himself $5,000 in satisfaction of a claim based on two promissory notes dated the same day. Testimony by the administrator that he loaned intestate, his uncle, $5,000 in cash at the time the notes were executed, was not overcome by the objectants, as to any unreasonableness or improbability in the act of his uncle who was possessed of funds in borrowing the money, and the possession by the administrator of so much money in cash was satisfactorily explained by him.

ACCOUNTING proceeding by administrator.

Misc. 264]     Surrogate's Court, New York County, April, 1928.

*Stephen A. Machinski,* for the administrator.

*Wallace P. Harvey,* for the Fidelity and Deposit Company of Maryland.

*Victor E. Gartz,* for the Consulate General of the Republic of Poland.

O'BRIEN, S. Upon the objection filed to the administrator's account wherein it appears that he paid to himself $5,000 in satisfaction of a claim which he had against decedent's estate, a trial was had. The claim of the administrator was based upon two certain promissory notes made in his favor by decedent for $3,000 and $2,000 respectively, each dated January 9, 1926, and payable six months after date. *At the beginning of the trial it was conceded by the objectants to this payment that the notes were signed by decedent.* The notes were offered and received in evidence. The only witness called was the administrator, Anthony Daszkiewicz. No objections under section 347 of the Civil Practice Act were made to his testimony; in fact the examination was almost entirely conducted by the attorney for the objectants.

The administrator testified that he loaned decedent, *who was his uncle,* $5,000 in cash at his, claimant's, house No. 112 Whitehead avenue, South River, N. J., and that at the same time decedent made and delivered to him the notes in question. His uncle died before the notes became due. In the examination of claimant an effort was made to stress the unreasonableness and improbability of his story by (1) questioning his financial capacity to make such a substantial loan; (2) by emphasizing the uncle's humble avocation as a porter in the Singer Building in New York city; and (3) by bringing out the fact that decedent had funds on deposit in banks abundant for one not engaged in business and would presumably have no occasion to use or to borrow such a large sum. This effort was not successful. The witness, while speaking in broken English, answered freely and candidly the questions put to him. He offered an explanation in part of his uncle's borrowing from him at a time when he had money of his own in banks. Moreover he offered an explanation of his having $5,000 in cash in his pocket by asserting that he was prepared to buy a jitney bus and that he was the owner of a bus on a good route. While in certain details there were some discrepancies in his testimony they were not vital when his lack of knowledge of English is considered. I was impressed with his truthfulness. No evidence of any kind was offered by the objectants. The claim was sustained and is, therefore, allowed. Submit decree accordingly.